Joel E. Tasca
Nevada Bar No. 14124
Justin A. Shiroff
Nevada Bar No. 12869
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
tasca@ballardspahr.com
shiroffj@ballardspahr.com

*Attorneys for Plaintiff The Wilmington Trust, N.A., Successor Trustee to Citibank, N.A., as Trustee f/b/o Holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-4, Mortgage Pass-Through Certificates, Series 2006-4*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILMINGTON TRUST, N.A., SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE F/B/O HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST 2006-4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; GIAVANNA HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation,<br><br>Defendants. | Case No. 2:16-cv-02756-RFB-VCF<br><br>**STIPULATED MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**(SECOND REQUEST)** |

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

| | |
|---|---|
| GIAVANNA HOMEOWNERS ASSOCIATION, | |
| Third Party Plaintiff, | |
| vs. | |
| ABSOLUTE COLLECTION SERVICES, LLC, | |
| Third Party Defendant. | |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company, | |
| Counter/Cross Claimant, | |
| vs. | |
| WILMINGTON TRUST, N.A., SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE F/B/O HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST 2006-4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4; MASHELLE CLARK aka SHELLY CLARK, an individual, | |
| Counter/Cross Defendants. | |

Pursuant to Fed. R. Civ. P. 26(a)(2) and 6(b)(a)(1)(A) and LR 26-4, Plaintiff/Counter-Defendant Wilmington Trust, N.A., Successor Trustee to Citibank, N.A., as Trustee F/B/O Holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-4, Mortgage Pass-Through Certificates, Series 2006-4 (the "Trustee"), Defendant/Counterclaimant SFR Investment Pools 1, LLC ("SFR"), Defendant/Third Party Plaintiff Giavanna Homeowners Association (the "Association"), and Third Party Defendant Absolute Collection Services, LLC ("ACS") (together, the "Parties") hereby submit the following Stipulated Motion to Extend Discovery Deadlines.

Under the Stipulated Discovery Plan and Scheduling Order [ECF No. 26], as amended by the Stipulation and Order to Extend Discovery Deadlines [ECF No. 35],

DMWEST #17324918 v1

the current deadlines are as follows:

| Discovery Cut-Off | Wednesday, December 20, 2017 |
|---|---|
| Dispositive Motions | Monday, January 22, 2018 |
| Joint Pre-Trial Order | Thursday, February 22, 2018 |

Pursuant to LR 26-4, a stipulation to extend any dates set by the scheduling order must be supported by a showing of good cause for the extension. "The good cause inquiry focuses primarily on the movant's diligence." *Novotny v. Outback Steakhouse of Fla., LLC*, 2017 U.S. Dist. LEXIS 114672 at \*2 (D. Nev. July 21, 2017) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000)). "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Good cause exists in this case. All of the Parties have exercised diligence with regards to completing discovery. The Parties believe that a 60-day extension is warranted given the need to review discovery responses provided by ACS and determine whether it is necessary to take, defend, and prepare for depositions in this case.

### (a) Statement Specifying the Discovery Completed;

At this point in litigation, the Trustee has provided its initial disclosures, designated its expert witness and disclosed an expert report, responded to SFR's initial set of discovery requests, responded to SFR's second set of discovery requests, and served written discovery requests to all Parties. The Trustee's written discovery requests to ACS were dated September 15, 2017. The Trustee's 30(b)(6) witness has been deposed. The Trustee has also subpoenaed documents from FirstService Residential Nevada, LLC, which subpoena responses are due December 18, 2017, and have not yet been received. The Trustee noticed the 30(b)(6) deposition of SFR, ACS, and the Association, but vacated these depositions to ask SFR, ACS, and the Association about their witness availability.

3

DMWEST #17324918 v1

SFR has provided its initial disclosures, served a first round of written discovery requests on the Trustee and received responses to these requests, served a second round of written discovery on the Trustee, and taken the 30(b)(6) deposition of the Trustee's chosen witness. SFR left the 30(b)(6) deposition of the Trustee's chosen witness open to address additional questions that SFR.

The Association has served its initial disclosures and responded to the Trustee's written discovery requests.

ACS timely responded to the Trustee's requests for admission on October 16, 2017. However, ACS did not timely respond to the Trustee's interrogatories or requests for production. Instead, ACS mailed responses to the Trustee's interrogatories and requests for production on December 12, 2017, and provided courtesy electronic copies to the Trustee on December 13, 2017, one week prior to the close of discovery.

**(b) Specific Description of the Discovery that Remains to be Completed**

The Trustee needs to review the discovery responses provided by ACS to determine whether, in light of these documents, depositions need to be taken or if the parties need to meet and confer about the completeness of the discovery responses. Additionally, the Trustee needs to review the documents subpoenaed by FirstService Residential, Nevada, LLC for the same purposes. Given witness and counsel availability, and the upcoming holidays, the parties anticipate such an extension may require 60 days to properly resolve any discovery disputes and schedule 30(b)(6) depositions.

SFR needs to obtain answers to questions left open at the Trustee's 30(b)(6) deposition.

**(c) The Reasons Why Remaining Discovery Was Not Completed**

Despite their diligence in completing discovery in this case, ACS was unable to respond to the Trustee's written discovery requests by the scheduled deadline. The Trustee attempted to avoid involving the Court in the dispute because it hoped to

4

resolve the issue amicably. ACS agreed to provide responses before the close of discovery, but unfortunately ACS was not able to provide responses early enough that the Trustee could review the documents, determine whether it needed to meet and confer with ACS about any discovery issues, and also schedule depositions that might have been prompted by the discovery responses.

Furthermore, SFR took the deposition of the Trustee's 30(b)(6) witness on December 11, 2017. SFR left the deposition open to resolve lingering questions at a later date. The Parties initially anticipated being able to resolve these questions on December 19, 2017, but due to witness and counsel availability this date did not work. Instead, the Parties require additional time to either continue the deposition of the Trustee's 30(b)(6) witness or to have the additional questions answered by amendments to the Trustee's responses to interrogatories.

At a minimum, the Parties require an additional 30 days to have adequate time to conduct depositions of all relevant witnesses and resolve outstanding issues, but the Parties believe an additional 60 days will provide adequate time to conduct depositions of all relevant witnesses.

### (d) Proposed Schedule for Completing All Remaining Discovery

The Parties propose a 60-day extension of the remaining discovery dates as follows:

| | |
|---|---|
| **Discovery Cut-Off** | Monday, February 19, 2018 |
| **Dispositive Motions** | Wednesday, March 21, 2018 |
| **Joint Pre-Trial Order** | Friday, April 20, 2018 |

(*Remainder of Page Intentionally Left Blank*)

DMWEST #17324918 v1

## CONCLUSION

For the above-stated reasons, the Parties respectfully request that this Court enter an Order granting this Stipulation and Order to Extend Discovery Deadlines (Second Request) using the new deadlines noted above.

Dated: December 19, 2017

BALLARD SPAHR LLP

By: /s/ Justin A. Shiroff
Joel E. Tasca (#14124)
Justin A. Shiroff (#12869)
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

KIM GILBERT EBRON

By: /s/ Diana S. Ebron
Diana S. Ebron (#10580)
Jacqueline A. Gilbert (#10593)
Karen L. Hanks (#9578)
Trella N. McLean (#13376)
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139

*Attorneys for SFR Investments Pool 1, LLC*

BOYACK ORME & ANTHONY

By: /s/ Christopher B. Anthony
Edward D. Boyack (#5229)
Christopher B. Anthony (#9748)
401 North Buffalo Drive, #202
Las Vegas, Nevada 89145

*Attorneys for Giavanna Homeowners Association*

ABSOLUTE COLLECTION SERVICES, LLC

By: /s/ Shane D. Cox
Shane D. Cox (#13852)
8440 West Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128

*Attorney for Absolute Collection Services, LLC*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated 12-20-2017.

DMWEST #17324918 v1