# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

WILMINGTON TRUST, N.A.,

Plaintiff,

v.

SFR INVESTMENTS POOL 1, LLC *et al*,

Defendants/Third Party Plaintiff.

Case No.: 2:16-cv-02756-RFB-NJK

**ORDER**

## I.     INTRODUCTION

Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Default Judgment against Cross-Defendant Mashelle Clark ("Clark"). ECF No. 49. The Court grants the motion.

## II.    PROCEDURAL BACKGROUND

Plaintiff Wilmington Trust, N.A. filed its complaint on December 2, 2016. ECF No. 1. The complaint sought declaratory relief that a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish its deed of trust on a Las Vegas property. Id. SFR answered the complaint on February 21, 2017, and asserted counterclaims against Plaintiff and crossclaims against Clark. ECF No. 20. Clark was served via publication in June and July 2017. ECF Nos.33, 39. On March 9, 2018, the Clerk entered default against Clark. ECF No. 41. On April 4, 2018, the Court stayed

the litigation pending the Nevada Supreme Court's resolution of pertinent certified questions. ECF No. 45. On December 11, 2018 the Court granted a stipulation of dismissal that dismissed all of Plaintiff's claims against defendants and lifted the stay. ECF No. 47. On November 27, 2019, SFR moved for default judgment against Mashelle Clark. ECF No. 49.

### III.  FACTUAL ALLEGATIONS

SFR alleges as follows in its cross-complaint and motion for default judgment: Clark obtained title to property located at 5434 Stella Amore Street, North Las Vegas, Nevada 89011 in March 2006. The property was subject to the conditions, covenants, and restrictions of the Giavanna Homeowners Association (the "HOA"). On September 17, 2013, the HOA foreclosed on its lien for delinquent assessments, and SFR acquired the property at the sale. The foreclosure deed was recorded on September 20, 2013.

### IV.  LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**V.     DISCUSSION**

In considering the seven Eitel factors, the Court finds default judgment against Clark is warranted. The first and sixth factors warrant granting default judgment because Clark has failed to appear in this matter, prejudicing SFR from obtaining clarification as to ownership of the property. Likewise, the failure to appear for almost three years suggests that Clark could not demonstrate excusable neglect if she were to appear now.

The second, third, and seventh factors also counsel in favor of granting default judgment. NRS Chapter 116 entitles a homeowners' association to a superpriority lien for nine-months of unpaid association fees. SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014). The Court finds based upon the undisputed allegations that the foreclosure sale by the HOA extinguished Clark's interest in the property. See Bank of America v. SFR Investments Pool 1, LLC ("Diamond Spur"), 427 P.3d 113, 121 (Nev. 2018). As there are no longer any remaining pending claims, the Court closes the case.

**VI.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Default Judgement Against Mashelle Clark (ECF No. 49) is granted.

**IT IS FURTHER ORDERED** that the notices of lis pendens filed in this case (ECF Nos. 3, 23) are expunged.

**IT IS FURTHER ORDERED** that the $500 cash deposit, plus any accrued interest (ECF No. 16) be returned to the Legal Owner designated in the certificate.

**IT IS FURTHER DECLARED** that Mashelle Clark and any of her successors and assigns have no right, title or interest in the property and that SFR is the rightful title owner of the property.

The Clerk of the Court is instructed to close the case.

**DATED**: May 4, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**